UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Micheal Alonzo Rufus, # 99284-071, )
                                        )     C/A No. 6:06-2403-GRA-WMC
                Petitioner, )
                                        )
        v.                                 )     **ORDER**
                                        )     (Written Opinion)
Federal Bureau of Prisons; )
John Does; and NFN Warden, )
                                        )
                Respondents. )
_____ )

       This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed September 26, 2006. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate recommends dismissing the petition because Petitioner's claims do not arise under 28 U.S.C. § 2241, but instead are more properly filed as a *Bivens* action.

       Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections to the magistrate's Report and Recommendation on October 16, 2006.

Petitioner first objects to the magistrate's reference to the exhibits Petitioner attached to his habeas petition. The magistrate concluded that these exhibits "appear to be for another transfer." Report and Recommendation, page 2. The Petitioner objects to this conclusion on the basis that "the exhibits were provided to show the court that the use of the remedy process in the instant matter would be worthless because of the position of the involved staff and the knowledge of the improper tactics in resolving remedies." This Court finds Petitioner's first objection to be without merit. The magistrate recommends dismissing the § 2241 habeas petitioner as improper and instructs the Petitioner that the appropriate avenue for his relief is a *Bivens* action. Therefore, the purpose of the exhibits attached to Petitioner's § 2241 petition becomes moot. Whether or not the magistrate was correct in concluding that Petitioner's exhibits did not prove Petitioner exhausted his administrative remedies, the exhaustion of administrative remedies is only applicable if Petitioner's § 2241 claim survives. Therefore, this argument is without merit.

Petitioner next cites an unpublished Fourth Circuit opinion, *Trowell v. Beeler*, 135 Fed. Appx. 590 (4th Cir. 2005), and 18 U.S.C. § 3621(b) to support his argument that his claim is properly filed as a § 2241 action. After reviewing the *Trowell* case, this Court finds Petitioner's objection is without merit. In *Trowell*, the petitioner sought review of the Bureau of Prisons rejection of his request to designate, *nunc pro tunc*, the state facility where he served a state sentence as the place for service of his federal sentence. This case is inapplicable to Petitioner's claims, as

3

Petitioner is challenging a potential transfer based on a change in his custody status due to a violation of prison policies.  Therefore, the Court finds Petitioner's second objection to also be without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED without prejudice and without requiring the respondents to file a return.    The Court further advises Petitioner that his civil rights claims are best raised in a *Bivens* action.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 26, 2006

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4